IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

LIONELL E. EPHRAIM[1],

    **Plaintiff,**

v.                                  CIVIL ACTION NO. 1:11-0107

E.K. CAULEY, Warden,

    **Defendant.**

## <u>MEMORANDUM OPINION AND ORDER</u>

### <u>I.  Introduction</u>

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendation ("PF&R").  Magistrate Judge VanDervort submitted his proposed findings and recommendation on January 24, 2013.  In that Proposed Findings and Recommendation, the magistrate judge recommended that this court deny plaintiff's application to proceed without prepayment of fees and costs, dismiss petitioner's application for Writ of Habeas Corpus, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file

---

[1] Plaintiff states that he is also known as Lionell Elizah Williams.

such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).  Moreover, this court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Petitioner filed objections to the Proposed Findings and Recommendation on February 6, 2013.  Because petitioner filed his objections timely, this court has conducted a de novo review of the record as to those objections.  See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

## II.  Analysis

On February 16, 2011, plaintiff filed an Application for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241.  In that filing, he asserted the following grounds for habeas relief:

> (1)  The criminal judgment authorizing the BOP to detain him for service of his federal sentence has neither been lawfully executed nor implemented by the United States Marshals as mandated by Congress pursuant to Title 28 U.S.C. § 566(a) & (c), and Title 18 U.S.C. §§ 3621(c) and 3586.
>
> (2) The United States Marshals have failed to endorse the Return portion of Ephraim's Judgment and Commitment Order and return it to the district court that issued

2

it as mandated by 18 U.S.C. § 3621(c), in violation of
the First and Fifth Amendments to the United States
Constitution and Rule 55 of the Federal Rules of
Criminal Procedure.

(3) The United States Marshals acted in disobedience to
the sentencing court's Judgment and Commitment Order in
that as directed by the Judgment and Commitment Order
Ephraim was remanded to the custody of the U.S.
Marshals to be committed to the custody of the Bureau
of Prisons on December 12, 1991, however, Ephraim was
not committed to the BOP until December 14, 2006, thus,
the U.S. Marshals were utterly delinquent in delivering
Ephraim to the custody of the BOP, effectively causing
a severe increase in the length of his imprisonment in
violation of the Fifth Amendment to the United States
Constitution; and

(4) The federal government has neither exclusive,
territorial, partial nor concurrent jurisdiction to
prosecute and imprison Ephraim for crimes not committed
on federal land.

PF&R at pp. 1-2.

Thereafter, on March 30, 2012, he filed an amended petition

raising a number of new grounds which Magistrate Judge VanDervort

summarized as follows:

Petitioner is clearly challenging the validity of his
sentence imposed by the Eastern District of Virginia.
Specifically, Petitioner argues that the Eastern
District of Virginia failed to properly sentence him
under the mandatory Sentencing Guidelines and failed to
comply with 18 U.S.C. §§ 3584(b) and 3553.  Petitioner
further argues that his Judgment and Commitment order
is void.

PF&R at p. 6.  Based on the foregoing, Magistrate Judge

VanDervort recommended that this court construe petitioner's

application under 28 U.S.C. § 2241 as a § 2255 motion and dismiss

this application for lack of jurisdiction.

3

Ephraim's single objection to the PF&R is that Magistrate Judge VanDervort failed to "Properly and Specifically Address Ephraim's Constitutional Claims" in the instant case. The court assumes that plaintiff is concerned that the magistrate judge failed to address point by point each of the grounds for relief contained within his original petition. However, having reviewed each and every ground raised in Ephraim's petition, the court agrees with Magistrate Judge VanDervort that plaintiff is attacking the validity of his underlying conviction and, therefore, his petition should be dismissed.

The first and third grounds raised in plaintiff's original petition concern what he contends is the failure of the United States Marshals Service to follow the direction of the sentencing court expressed in the Judgment and Commitment Order entered in his underlying criminal case. Specifically, he contends that the U.S. Marshal should not have returned him to state custody but that he should have remained in federal custody to begin service of his federal sentence on the day that sentence was pronounced.

Plaintiff has already litigated this issue, albeit under a slightly different guise, in a previous 28 U.S.C. § 2241 proceeding filed in the United States District Court for the Eastern District of North Carolina. See Williams v. Stephens, No. 5:09-HC-2131-D, 2011 WL 2269408 (E.D.N.C. June 7, 2011) ("the EDNC proceeding"). In that case, the court recited the following

4

factual history that is relevant to plaintiff's claims herein:

In "August. . . 1990, Williams was arrested by city police in the City of Virginia Beach, Virginia for a string of robberies committed in that city over a two week time span." Mem. Opp'n Mot Summ. J. 2 & Ex. F (state court plea agreement); see also Mem. Supp. Mot. Summ. J. 2. The Commonwealth of Virginia charged Williams with four counts of robbery and two counts of use of a firearm in commission of a felony ("the state charges"). Mem. Opp'n Mot. Summ. J., Ex. F. In November 1990, in the Eastern District of Virginia, the U.S. Attorney charged Williams with conspiracy to commit robbery in violation of 18 U.S.C. § 371, armed robbery in violation of 18 U.S.C. § 2113(d), and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) ("the federal charges"), all arising out of the same course of conduct as the state charges. Pet. ¶ 3; Mem. Supp. Mot. Summ. J. 2; Mem. Opp'n Mot. Summ. J. 2.

On August 14, 1991, Williams pleaded guilty to the state charges and was sentenced to a total term of imprisonment of 38 years, with a total of 12 years suspended. Mem. Supp. Mot Summ. J. 2; Mem. Opp'n Mot Summ. J., Ex. F. According to Williams, pursuant to his plea agreement in connection with the state charges, "the state prosecutor promised that in the event Williams was convicted of the pending robbery charges in federal court those convictions would not count against him for the purposes of parole eligibility" on his state sentence. Mem. Opp'n Mot. Summ. J. 2; see also id. Ex. F ¶ 3 ("The Commonwealth promises that it will not seek to amend the conviction order. . . in the event the defendant is subsequently convicted in U.S. District Court on pending robbery charges.").

On December 12, 1991, in the Eastern District of Virginia, after pleading guilty to the federal charges, Senior United States District Judge John A. MacKenzie sentenced Williams to a total term of imprisonment of 216 months. See Pet. ¶ 4; Mem. Supp. Mot. Summ. J. 2 & Attach. 3 (federal criminal judgment); Mem. Opp'n Mot Summ. J. 2 & Ex. B at 12 (transcript of sentencing hearing). The federal criminal judgment did not state whether Williams's federal sentence was consecutive to or concurrent with Williams's state sentence. Mem.

5

> Supp. Mot. Summ. J. 2-3 & Attach. 3; Mem. Opp'n Mot.
> Summ. J. 2-3. Williams did not appeal, and did not
> file any other post-conviction motions before filing
> this petition. Pet. ¶ 7, 11.

Id. at *1-2. In the EDNC proceeding, plaintiff appealed the
BOP's denial for a nunc pro tunc designation of his federal
sentence to commence with his state sentence, pursuant to 18
U.S.C. § 3621(b). See id. at * 2. The court granted summary
judgment to plaintiff on his application for habeas relief and
directed the BOP to reconsider his request for nunc pro tunc
designation pursuant to 18 U.S.C. § 3621(b). See id. at * 5.
According to plaintiff's amended petition herein, on January 27,
2012, his request for nunc pro tunc designation was denied by the
BOP a second time. See Doc. No. 7 at p. 16. According to
Ephraim, "[t]his second denial of Petitioner's concurrent
designation request by FBOP is the basis of a separate and
distinct application for habeas relief under § 2241." Id.

     When viewed against this backdrop, it is clear that
plaintiff is trying to somehow make the sentencing court's
failure to order concurrent sentences and the BOP's failure to
grant a concurrent designation an issue with execution of the
Judgment and Commitment Order by the U.S. Marshals Service.
However, in this case, the Marshals Service has done nothing
wrong.

> When an inmate has sentences imposed by federal
> and state authorities, the sovereign that arrested him
> first acquires and maintains primary jurisdiction over

  
him until the sentence imposed by that sovereign has
been satisfied. <u>U.S v. Evans</u>, 159 F.3d 908, 912 (4th
Cir. 1998) (restating this principle of primary
jurisdiction as set out in <u>Ponzi v. Fessenden</u>, 258 U.S.
254, 260 (1922)). "A detainer neither effects a
transfer of a prisoner from state to federal custody
nor transforms state custody into federal custody by
operation of law." <u>Thomas v. Whalen</u>, 962 F.2d 358, 360
(4th Cir. 1992). Similarly, a writ of habeas corpus ad
prosequendum does not change the defendant's primary
custody status, as the writ only authorizes federal
authorities to "borrow" the defendant for court
proceedings. <u>Id.</u> at 358 n. 3 (citing other cases). A
federal sentence commences "on the date when the
defendant is received in custody awaiting
transportation to. . . the official detention facility
at which the sentence is to be served." 18 U.S.C. §
3585(a).

<u>Fisher v. O'Brien</u>, No. 7:08CV00569, 2009 WL 1382385, *2 (W.D. Va.

May 15, 2009). Accordingly, Ephraim's argument that his federal

sentence had to commence before he had completed service of his

undischarged term of state imprisonment fails because the

Commonwealth of Virginia "retained primary jurisdiction over him

during his brief trips to federal court, because the federal

authorities only borrowed him pursuant to writs of habeas corpus

ad prosequendum, which do not affect primary jurisdiction." <u>Id.</u>;

<u>see also</u> <u>United States v. Evans</u>, 159 F.3d 908, 912 (4th Cir.

1998) ("A federal sentence does not begin to run, however, when a

prisoner in state custody is produced for prosecution in federal

court pursuant to a federal writ of habeas corpus ad

prosequendum. Rather, the state retains primary jurisdiction

over the prisoner, and federal custody commences only when the

state authorities relinquish the prisoner on satisfaction of the

7

state obligation.").  Based on the foregoing, plaintiff's first
and fourth grounds for relief fail.

The second ground plaintiff asserts in his original petition
is that his judgment and commitment order is invalid because it
was not properly executed and returned by the United States
Marshals Service.  Doc. No. 2.  Consequently, he claims his
detention "is unlawful and violates Rule 55 of the Federal Rules
of Criminal Procedure and the First and Fifth Amendments to the
United States Constitution." Id. at p. 14.  As this court has
previously held, that argument is without merit. Satcher v.
Hogsten, Civil Action No. 1:13-0466, 2013 WL 5674856, *2 (S.D.W.
Va. Oct. 17, 2013); see also Queen v. Martinez, 273 F. App'x 180
(3d Cir. 2008) (summarily dismissing petitioner's § 2241 claim
that "his judgment and commitment order was not executed because
'return portion,' where the United States Marshal states that the
defendant was delivered to the Bureau of Prisons, was not filled
in."); Anderson v. United States Marshals, No. 1:CV-07-0048, 2007
WL 1227697 at *1 (M.D. Pa. April 25, 2007) (dismissing
petitioner's § 2241 for lack of jurisdiction where he claimed
that his judgment and commitment order was null and void because
the "United States Marshals failed to properly execute and return
the judgment and commitment order to the district court.").

As to the fourth ground raised in the original petition --
that the federal government had no jurisdiction to prosecute

plaintiff for crimes not committed on federal land  -- that
argument fails.

> The federal court's jurisdiction is not limited to
> federal crimes committed on federal lands.  Pursuant to
> 18 U.S.C. § 3231, "[t]he district courts of the United
> States have original jurisdiction, exclusive of the
> courts of the States, of all offenses against the laws
> of the United States."  (Emphasis added).  See also
> United States v. Begay, 42 F.3d 486, 499 (9th Cir.
> 1994) (holding that where situs is not an element of
> the offense, federal criminal statutes apply "equally
> to everyone everywhere within the United States").

United States v. McCalla, 545 F.3d 750, 756 (9th Cir. 2008); see
also United States v. Stewart, 2011 WL 3681563, *3 (D. Ariz. June
28, 2011) (denying § 2255 motion which alleged that federal
jurisdiction was lacking because crime did not occur on federal
land because "[t]he fact that the offense may have occurred on
land not owned by the United States is of no relevance to the
court's jurisdiction in this case.").  In any event, even if such
an argument had merit, it is a challenge to the validity of
plaintiff's underlying sentence and, therefore, is properly
considered under 28 U.S.C. § 2255.

This court agrees with the magistrate judge's recommendation
that plaintiff's claims are an attack on the underlying validity
of his sentence and OVERRULES his objections.  An action under 28
U.S.C. § 2255 provides the appropriate remedy for his claims.
That provision states that a petitioner can move to vacate, set
aside, or correct a sentence "imposed in violation of the
Constitution or laws of the United States, or that the court was

9

without jurisdiction to impose such sentence, or that the
sentence was in excess of the maximum authorized by law." <u>See</u> 28
U.S.C. § 2255. As the Magistrate Judge correctly noted, "[a]
section 2241 petition that seeks to challenge the validity of a
federal sentence must either be dismissed or construed as a
section 2255 motion." <u>See</u> Proposed Findings and Recommendation
at 4 (citing <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000)).
Section 2255 is the exclusive remedy unless the petitioner can
demonstrate that it is inadequate or ineffective. <u>In Re Jones</u>,
226 F.3d 328, 333 (4th Cir. 2000).

Therefore, this court agrees with Magistrate Judge
VanDervort that petitioner's claims are more accurately framed as
a 28 U.S.C. § 2255 petition. As a § 2255 petition, petitioner's
claim must be brought in the sentencing court. <u>See</u> 28 U.S.C. §
2255 (directing that a prisoner "may move the court which imposed
the sentence"). The petitioner in this case was convicted and
sentenced in the Eastern District of Virginia. Accordingly, this
court lacks jurisdiction to hear his § 2255 petition and
OVERRULES petitioner's objections.

<u>III. Conclusion</u>

Having reviewed each and every ground raised by Ephraim in
his original and amended petitions, the court hereby OVERRULES
plaintiff's objections and CONFIRMS and ACCEPTS the factual and
legal analysis contained within the Proposed Findings and

Recommendation.  Accordingly, the court DENIES plaintiff's application to proceed without prepayment of fees and costs; DISMISSES plaintiff's application for Writ of Habeas Corpus; and DIRECTS the Clerk to remove this matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court DENIES a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff pro se.

IT IS SO ORDERED this 31st day of March, 2014.

ENTER:

David A. Faber
Senior United States District Judge

11